```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ROBERT DUNBAR,                    )
                                  )
             Plaintiff,           )
                                  )
     v.                           )     No.  12 C 1295
                                  )
OFC. GRODE, et al.,               )
                                  )
             Defendants.          )
```

## MEMORANDUM ORDER

Robert Dunbar ("Dunbar") has just tendered a 42 U.S.C. §1983 ("Section 1983") Complaint against Cook County Sheriff Thomas Dart and four members of his staff at the Cook County Department of Corrections ("County Jail"), seeking to hold them responsible for injuries that he sustained at the hands of fellow inmate Natal Williams ("Williams") on April 25, 2011. This memorandum order deals with several problems in connection with that filing.

To begin with, Dunbar has submitted only an original set of documents, lacking (1) enough copies of the Complaint (which he prepared on the printed form supplied by the Clerk's Office for use by persons in custody) to provide for service on the defendant or defendants and (2) as part of his In Forma Pauperis Application ("Application," which was also prepared on a Clerk's-Office-provided form), the required printout showing transactions in his trust fund account at the County Jail for the period from

June 30, 2011 through February 23, 2012.[1]  As for the necessary copies of the Complaint, nothing will be done by this Court until it is determined (a) whether the action can go forward at all and (b) against whom Dunbar can proceed.  As for the trust fund printout, Dunbar is ordered to provide that on or before March 20, 2012, with the 12 C 1295 case number to be designated on the submission (although to facilitate that aspect this Court is contemporaneously transmitting a copy of this memorandum order to the fiscal personnel at the County Jail in the hope that they may be able to cooperate by sending a copy of the printout directly to this District Court's Clerk's Office.

As for the substance of the Complaint, it is clear that Sheriff Dart cannot be sued via Section 1983 under the principle established by Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978).  And as to the Lieutenant and two Sergeants whom Dunbar has listed in the case caption, nothing in the Complaint's allegations implicates them--and the "Relief" that he seeks in Complaint ¶V is solely a judgment against Correctional Officer Grode, who is involved in Dunbar's

---

[1] That period of more than six months has been selected because it is not possible from Dunbar's filing to determine just when he mailed the papers or delivered them to prison authorities for that purpose.  In that regard, Dunbar did not date the Complaint at all, and while he did date the Application December 30, 2011, the "Filed" stamp by the Clerk's Office shows that the papers did not arrive there until February 23, 2012--nearly two months later.

substantive allegations. Accordingly, if the action is to proceed at all, the sole defendant will be Officer Grode.

But there is a precondition to suit that Dunbar must address, but has not, before anything further can take place. Under 42 U.S.C. §1997e(a) Dunbar must have exhausted all administrative remedies available at the County Jail before he can file this lawsuit, and the Complaint says not a word on that score. Accordingly Dunbar is ordered also to file an amendment to the Complaint on or before March 20 addressing the subject of available administrative remedies and showing that he has exhausted them, failing which the Complaint and this action will be dismissed.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: March 1, 2012

---

[2] If such dismissal is ordered, Dunbar may still be liable for payment of the filing fee in future installments pursuant to 28 U.S.C. §1915(b)(1), so that the earlier portions of this memorandum order dealing with furnishing the printout of his trust fund account must still be carried out.